**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS CUNNINGHAM,** | * | |
| **individually, AUDREY ROBERTSON,** | * | |
| **individually,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| vs. | * | **CIVIL ACTION NO.:** |
| | * | _____ |
| | * | |
| | * | **JURY TRIAL DEMAND** |
| | * | |
| **LAWSON STATE COMMUNITY COLLEGE,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

### INTRODUCTION

Plaintiffs DEMETRIUS CUNNINGHAM and AUDREY ROBERTSON, by and through their counsel, bring this action against LAWSON STATE COMMUNITY COLLEGE ("Lawson" or "employer") and seek redress for this employer's violations under the provisions of §16 of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §216(b)).

1. Plaintiffs' bring this action pursuant to FLSA § 216(b) seeking relief under the FLSA for unpaid overtime wages, liquidated damages, costs, attorney's fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate under the circumstances. Defendant provides post-secondary educational services to students from all over the United States and many are living on campus.

2. Lawson provides meals for the students that live on campus in its cafeteria located in Birmingham, Alabama. Plaintiffs bring this action under the provisions of the Fair Labor Standards, 29 U.S.C. §201 et seq. and

jurisdiction is conferred by The Fair Labor Standards Act, 29 U.S.C.§216, by 28 U.S.C.§ 1337, and by 28 U.S.C.§1331

## JURISDICTION AND VENUE

3. Lawson State Community College is a public agency operating as an educational institutional with its principal place of business located in Jefferson County, Alabama and operating campuses in Bessemer, Alabama and Birmingham, Alabama. See 29 U.S.C.§203(s)(1)(C). Jurisdiction over Plaintiffs' claims is pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331-37.

4. The Plaintiffs are employees of the Lawson State Community College ("employer") employed in the cafeteria on the Birmingham campus and Plaintiff Cunningham at times works on the Bessemer Campus. Both Plaintiffs are hourly paid.

5. Venue lies in this district pursuant 28 U.S.C. §1391(b) and (c) because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff No.1, DEMETRIUS CUNNINGHAM ("Cunningham"), is a resident citizen of and is domiciled in Jefferson County, Alabama and at all relevant times herein over the age of 19 years and employed with Lawson at all relevant times identified herein.

7. Plaintiff No.2, AUBREY ROBERTSON ("Robertson"), is a resident citizen of and is domiciled in Jefferson County, Alabama and at all relevant time herein over the age of 19 years and employed with Lawson as her employer at all relevant times identified herein.

8. Defendant No. 1, LAWSON STATE COMMUNITY COLLEGE (hereinafter "LAWSON") is an Alabama two year community

college who is an employer within the jurisdiction of this Court and is engaged in the operation of an educational institution which provides facilities for living on campus including a cafeteria for students who are in residence on the campus providing meals daily in Jefferson County Alabama.

9. During the time period since CUNNINGHAM and ROBERTSON began their employment Defendant has been engaged in an industry affecting commerce and employs 25 or more employees.

10. Plaintiffs CUNNINGHAM and ROBERTSON are both employed worked as a cafeteria worker at LAWSON in Birmingham, Alabama and paid monthly.  Both Plaintiffs prepare and provide meals for students with food, equipment, and facilities in the stream of commerce and in an enterprise so engaged.

11. Plaintiff CUNNINGHAM began working at Lawson in the cafeteria as a contract employee.  October 17th, 2008.  He was hired by Lawson as a permanent employee providing the cafeteria meal and staff for the residence hall students. He began working averaging more than 40 hours per week.

12. Plaintiff ROBERTSON began her employment with Lawson in January, 2004.  She primarily cooks and works on the food service line. She began working averaging more than 40 hours per week and often worked well over 200 hours monthly during the course of her employment.

13. Plaintiffs are paid monthly.  Time is calculated monthly and often both Plaintiffs worked in excess of 40 hours per week while compensated monthly during the entire course of their employment. Defendant denied both Plaintiffs overtime at the rate of time and one half their regular rates of pay, paying them straight time for all hours worked in excess of the forty(40) hours worked in any work week.

14. Defendant's failure to pay Plaintiffs overtime compensation violates federal law as set out in the

Fair Labor Standards Act. See 29 U.S.C. §203, 207 and 29 C.F.R. 541.600.

## COUNT I

**Violation of the Fair Labor Standards Act of 1938**
**(Brought against by Named Plaintiffs)**

15. Plaintiffs re-assert and incorporate by reference paragraphs 1-14 as if the same were set out fully herein.

16. At all material times herein, Plaintiffs were entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201 et seq.

17. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs, who are correctly classified as non-exempt employees.

18. The FLSA regulates, among other things, the payment of overtime compensation for employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods in commerce. 29 U.S.C. §207(a)(1). Defendant was and is, subject to the overtime pay requirements of the FLSA because they are engaged in commerce and its employees are engaged in commerce.

19. Section 13 of the FLSA, 29 U.S.C. §213 exempts certain employees from overtime pay obligations. None of the exemptions apply to these Plaintiffs. Accordingly, Plaintiffs must be paid overtime at the rate of pay in accordance with the FLSA.

20. Defendant's failure to accurately pay overtime was willfully committed. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA.

21. Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount

of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b).

22. As a result of the afore-described willful violations of the FLSA's over-time provisions, overtime compensation has been unlawfully withheld by Defendant from the Plaintiff for which Defendant is liable under 29 U.S.C. §207 and §216(b).

23. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the Complaint, plus, if applicable, periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

24. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to re-imbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to these Plaintiffs the following relief:

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

b. Issue an Order directing and requiring Defendant to pay Plaintiffs damages in the form of reimbursement for unpaid premium overtime wages for all time accrued in excess of 40 hours per week performing compensable work for which they was not paid pursuant to the rate provided the FLSA;

c. Issue an Order directing and requiring Defendant to pay Plaintiffs liquidated damage pursuant to the FLSA in an amount of overtime wages owed to them;

    d. Issue and Order directing Defendant to reimburse Plaintiffs for the costs and attorney's fees expended in the course of litigating this action; prejudgment and post-judgment interest;

    e. Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

DEMAND FOR JURY TRIAL

Plaintiffs demand trial by struck jury of all issues triable under Alabama and Federal law.

    Dated: _____

                            Respectfully submitted,

                            /s/ Jacqueline C. Smoke
                            _____
                            **JACQUELINE C. SMOKE**
                            **(ASB-1617-M71J)**
                            **Attorney for Plaintiffs**

**OF COUNSEL:**
Jacqueline Cooper Smoke
**SMOKE LAW, L.L.C.**
The Medical Forum Building
950 22nd Street N., Suite 628
Post Office Box 1055
Birmingham, Alabama 35201-1055
Phone: (205) 795-3602 / Facsimile: (205) 795-3603